## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**KEVIN DESHAWN HINKLE**                                                                 **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 3:23-CV-P67-GNS**

**DEMETRIUS W. LINDSEY**                                                                **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Kevin DeShawn Hinkle filed the instant *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss this action.

### I.

Plaintiff brings this action against Shelbyville Police Officer Demetrius W. Lindsey. Plaintiff alleges that on August 22, 2021, Defendant Lindsey pulled Plaintiff's car over without providing a reason. Plaintiff asserts that this traffic stop violated his "right to be free from unreasonable seizure and unlawful detention." The Court construes the complaint as asserting a Fourth Amendment claim against Defendant Lindsey. As relief, Plaintiff seeks damages.

### II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky.

Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations turns on state law, the question of when a § 1983 claim accrues to trigger the statute is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The statute of limitations starts to run either "when the plaintiff has a complete and present cause of action" (the "standard" rule) or "when the plaintiff discovered (or should have discovered) the cause of action [the "discovery" rule]." *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (quoting *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019)).[1] In *Dibrell*, the Sixth Circuit declined to decide which rule to apply to the plaintiff's Fourth Amendment claims because the claims "would be timely either way." *Id*. at 1162.

The Court finds that the same is true of Plaintiff's Fourth Amendment claim based upon an allegedly unlawful traffic stop. Plaintiff had a complete cause of action and his claim was "'discovered (or should have been discovered)' on the date of the traffic stop." *Lamb v. Carver*, No. 1:19-cv-108, 2021 U.S. Dist. LEXIS 86725, at *3 (S.D. Ohio May 6, 2021) (quoting *Dibrell*, 984 F.3d at 1162); *see also Barnes v. Stratton*, No 3:16-cv-214-DJH, 2017 U.S. Dist. LEXIS 32115, at *20 (W.D. Ky. Mar. 7, 2017) (holding that claims arising out of a traffic stop accrued on the date of the traffic stop because the plaintiff "knew or should have known of the injury that forms the basis of his claims on that date").

In this action, Plaintiff alleges than an unconstitutional traffic stop occurred on August 22, 2021. Therefore, Plaintiff had until August 22, 2022, at the latest, to bring this action. Although the complaint does not state on what date Plaintiff handed it over to prison officials for mailing to the Court, absent evidence to the contrary, the Court must assume that he did so on the date he

---

[1] Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

signed the complaint.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).[2]  Thus, although the Court did not receive the complaint until February 10, 2023, the Court deems the date of filing as November 7, 2022, the date Plaintiff indicates he signed the complaint.  Using this date means that Plaintiff filed this action more than two months after the expiration of the one-year statute of limitations.

For this reason, this action must be dismissed for failure to state a claim upon which relief may be granted.  *See, e.g.*, *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. at 215) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

**IV.**

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: April 6, 2023

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
   Defendant
   Shelbyville City Attorney
4416.011

---

[2] In *Brand v. Motley*, the Sixth Circuit explained that under the "prison mailbox rule," a *pro se* prisoner's complaint is usually deemed filed when it is handed over to prison officials for mailing but that courts have "expand[e]d the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint." *Id*. (citations omitted).